See, also, 457 F.2d 100.

**In the Matter of TMT TRAILER FERRY, INC., et al.**

**PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT TRAILER FERRY, INC., et al., Petitioners,**

v.

**William O. MEHRTENS, United States District Judge, Southern District of Florida, Respondent.**

No. 71–2328.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1972.

Rehearing and Rehearing En Banc Denied March 13, 1972.

Irma S. Mason, Washington, D. C., Irwin L. Langbein, West Palm Beach, Fla., for petitioners.

David Ferber, Sol., Paul Gonson, Asst. Gen. Counsel, Robert E. Ginsberg, Atty., Philip A. Loomis, Jr., Gen. Counsel, Washington, D. C., for S.E.C.

Ray C. Muller, John H. Gunn, Miami, Fla., I. Bernard Halpern, New York City, Joseph F. Jennings, Thomas J.

Kirkland, Trustee, Paul A. Louis, Stuart W. Patton, Jackson L. Peters, Louis Phillips, George H. Salley, William P. Simmons, Jr., Miami, Fla., M. James Spitzer, New York City, Herman Ulmer, Francis D. Wheeler, Jacksonville, Fla., Irving M. Wolff, Hervey Yancey, W. G. Troxler, Miami, Fla., for respondent.

Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.

PER CURIAM:

The Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. has petitioned this Court for mandamus, prohibition, and other relief against the District Judge growing out of his order entitled "Order on the Mandate," issued June 14, 1971. In our former decision in this case, 5 Cir., 434 F.2d 804, 807, we approved an interim amount of $60,000 counsel fees and $10,000 reimbursement of expenses as partial allowances for services and expenses for the Protective Committee's counsel, the services having been rendered and expenses incurred over a thirteen-year period. We did not limit or direct the manner in which the fees or expenses would be divided between counsel, nor did we intend to do so, because we felt that could best be done by counsel themselves. We were advised at oral argument hereof that counsel have no difficulty in working out the division of fees and expenses between themselves. Nor do we think it proper for the District Court to have authorized discovery proceedings to obtain evidence of testimony "in connection with any and all

matters dealing with the disqualification of the Committee and its counsel." This opens the door to the type of harassment in which the Trustee's attorney has engaged in his dealings with the Committee's counsel. In our view at this late date in the reorganization, it serves no useful purpose and must be ended. Many of the matters about which Trustee's counsel is attempting to inquire were the subject of the former appeal in this case and were resolved adversely to his contentions. See 434 F.2d at 808. We cannot allow him or the District Court to retry that case.

We believe the District Judge misconstrued and misapplied our mandate. Rather than promote harmony between the parties the order on the mandate does the very opposite and opens the door even wider for open, unlimited warfare between the attorneys for the respective parties and the SEC.

Our goal is the ending of this Chapter X proceeding. It must be the goal of all concerned. We were assured by the Trustee's attorney at oral argument that the reorganization will be wound up in less than a year. So long as we have supervisory jurisdiction in these proceedings, we shall insist that the fighting between counsel stop, that the payment of excessive interim fee allowances be suspended, and that proper steps be taken to bring about the ending of this Chapter X proceeding at the earliest possible time.[1]

It is a matter of chagrin to us that more than a year after our final decision in this case our mandate continues

1. Pursuant to our request for the Securities and Exchange Commission's recommendation, the Commission has filed the following excerpt from the minutes of that body:
"December 8, 1971
"Reference was made to the appeals in the matters of TMT Trailer Ferry, Inc., Protective Committee, etc. v. Wolff; TMT Trailer Ferry, Inc., Protective Committee, etc., v. Wolff, et al.; and TMT Trailer Ferry, Inc., Protective Committee, etc., et al. v. William O. Mehrtens, U. S. District Judge.

"Upon the recommendation of the Office of the General Counsel, the Division of Corporate Regulation concurring, the Commission authorized the staff to state to the Court of Appeals for the Fifth Circuit at the oral argument scheduled for December 9, 1971 in the above cases, should the court request the views of counsel as to how this 14-year old reorganization proceeding might be brought to a conclusion reasonably promptly, that the court of appeals consider the appointment of a special master for the purpose of supervising an overall set-

to be frustrated. Such a state of affairs cannot be permitted. We, therefore, order that the District Court immediately rescind its order on the mandate, that it forthwith carry into effect the provisions of our original mandate, that it order the payment of the fees and expenses to Committee counsel set forth in our decision without the restrictions imposed by the District Court, and finally, that the District Court cancel the general discovery proceedings relating to disqualification of the Committee's counsel which it has authorized.

Vacated and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

tlement of pending matters in the form of a compromise plan of reorganization." We have concluded for the time being, that while noting the recommendation, we will not at this time act upon it, but will see if our admonitions may be followed and an early conclusion of this case brought about.