481 F.2d 606
 In the Matter of TMT TRAILER FERRY, INC., et al., Debtors.
PROTECTIVE COMMITTEE FOR INDEPENDENT STOCKHOLDERS OF TMT
TRAILER FERRY, INC., Appellant,
v.
Thomas J. KIRKLAND, Trustee, et al., Appellees.
 No. 72-3193.
 United States Court of Appeals,
Fifth Circuit.
 June 6, 1973.
 
 Irma S. Mason, Washington, D. C., Irwin L. Langbein, West Palm Beach, Fla., David Ferber, Sol., Walter P. North, Acting Gen. Counsel, Paul Gonson, Asst. Gen. Counsel, Robert Ginsberg, Sp. Counsel, S.E.C., Washington, D. C., for appellant.
 Irving M. Wolff, Hervey Yancey, Miami, Fla., for Mesco and Merri Stevens.
 Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., joined in by the Securities and Exchange Commission, from an order entered on August 2, 1972 by the district court sua sponte, without notice or hearing. The order directed the Committee to file an amended statement under section 211 of Chapter X, 11 U.S.C. Sec. 611, with new authorizations from such stockholders as have designated the Committee as their representative, giving the name and address of the stockholder, number of shares held, certificate numbers, date acquired, etc. The district court substantially directs a duplication of statements already filed by the Committee and its counsel without sufficient reason to justify its order.
 
 
 2
 We take cognizance of a subsequent order of the district court dated February 5, 1973, which authorizes the Trustee to prepare a complete stockholders' list, and provides $10,000 to prepare a computerized tabulation of stockholders and other relevant information.
 
 
 3
 It is apparent that this is another episode in the continuing pattern of harassment of the Committee. Previous history thereof can be found in Protective Committee v. Anderson, 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); Protective Committee v. Kirkland, 5 Cir., 1970, 434 F.2d 804, cert. denied, 402 U. S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 648 (1971); Protective Committee v. Wolff, 5 Cir., 1972, 457 F.2d 100, cert. denied, 409 U.S. 849, 93 S.Ct. 57, 34 L.Ed.2d 91 (1972); Protective Committee v. Mehrtens, 5 Cir., 1972, 457 F.2d 104, cert. denied, 409 U.S. 849, 93 S.Ct. 57, 34 L.Ed. 2d 91 (1972). The Committee and its counsel have actively rendered important services to this reorganization throughout many years of its existence.
 
 
 4
 We are unwilling to see the role of the Committee downgraded or impeded by the court's order and agree with the SEC that the order is without adequate justification. Very little purpose is served under the circumstances except to require a considerable expenditure of time by the Committee which is without funds to comply with the burdensome requirements of the court's order. In the interest of an expeditious culmination of this reorganization, which we have been assured would now end after all these years of delay,[1] for the reasons set forth above, we reverse and vacate the order entered August 2, 1972.
 
 
 5
 Reversed; order vacated.
 
 
 
 [1]
 This Chapter X bankruptcy (11 U.S.C. Sec. 501 et seq.) has been pending since June 1957-nearly 16 years